## Case No. 1,026.

### BARNETT v. MUNCIE NAT. BANK.[1]

[1 Cin. Law Bul. 45.]

Circuit Court, S. D. Ohio. March, 1876.[2]

USURY—PENALTY—NATIONAL BANKS—ACT JUNE 3, 1864.

[1. The words "legal representatives," as used in Act June 3, 1864. (13 Stat. 108,) § 30, pro-

---

[1] [The title of this case should be Muncie Nat. Bank v. Barnett, but, as it has been cited as Barnett v. Muncie Nat. Bank, it is here published under that title.]

[2] [Affirmed in 9S U. S. 555.]

viding for the recovery of twice the amount of usurious interest from a national bank by the "legal representatives" of the person paying such interest, must be construed strictly, and not to include the assignees in bankruptcy of such person. Barnits v. First Nat. Bank of Hamilton, Case No. 1,034, followed.]

[Overruled in Wright v. First Nat. Bank of Greensburg, Case No. 18,078.]

[Contra, see Crocker v. First Nat. Bank of Cheopta. Case No. 3,397; Barbour v. Nat. Exchange Bank, 45 Ohio St. 133, 12 N. E. 5.]

[See note at end of case.]

[2. The indorser of a bill of exchange is not the "legal representative" of the one for whose benefit the bill was discounted, and consequently is not entitled to be subrogated to his rights arising under Act June 3, 1864, (13 Stat. 108,) § 30, from the payment of usurious interest, on such bill.]

[Contra, see National Bank of Auburn v. Lewis, 75 N. Y. 516, 81 N. Y. 15; National Exch. Bank of Columbus v. Moore, Case No. 10,041; Cake v. First Nat. Bank of Lebanon, 86 Pa. 303.]

[See note at end of case.]

[At law. Action by the Muncie National Bank of Muncie, Ind., against David Barnett, the drawer, Barnits & Whitesides, acceptors, and Robert Marshall, the payee and indorser, of a bill of exchange for $4,000, dated November 18, 1873. David Barnett and Isaac E. Craig, assignees of Barnits & Whitesides, intervened. Heard on demurrer to the defenses and cross-petitions of the several defendants. Demurrers sustained, except as to one of the defenses of Robert Marshall and the second defense of the assignees, which was "that the bill in suit was the last of eight renewals; that illegal interest was taken upon the series to the amount of $1,116, which it was claimed should be applied upon the bill in question." Upon this issue the case was tried by a jury. Verdict for plaintiff, $4,080.31.

[Subsequently the case was taken to the supreme court on writ of error, and the judgment of this court affirmed. Barnet v. Muncie Nat. Bank, 98 U. S. 555.]

Hogans & Broadwell, for plaintiff.

Miller & Gilmore and Wilson & Craig, for defendants.

Before EMMONS, Circuit Judge, and SWING, District Judge.

This was a suit upon a bill of exchange drawn by David Barnits, and which had been accepted by Barnits & Whitesides, and indorsed by Robert Marshall, the payee, for $4,000, and which had been negotiated by Barnits & Whitesides with the Muncie National Bank. The assignees of Barnits & Whitesides came in, by leave, and set up, by way of defense and cross-petition, that they had had fifty-one transactions with the plaintiff, in which Barnits & Whitesides had paid to the bank $6,324, by way of interest, and which was more than the legal rate, and that

they were entitled to recover back, therefore, under the provisions of national banking act, [Act June 3, 1864; 13 Stat. 108, § 30,] double that amount, and asked judgment that the bill sued on be liquidated out of that amount, and that they recover the balance against the plaintiff. The court made the same holdings with respect to this defense as in the Hamilton and Eaton National Bank Cases, reported above. [Barnits v. First Nat. Bank of Hamilton, Case No. 1,034.]

Robert Marshall, the indorser, set up, by way of defense, that the bill sued on was the last of a series of seven renewals, and that, under the said 30th section of the national banking act, he had a right to be credited with the forfeiture of the amount of the entire interest reserved on that series of renewals, on the ground of alleged usury in the transactions. To this defense a demurrer was interposed, which the court overruled, without deciding the question argued by counsel whether, under that section of the act which provides for a "forfeiture of the entire interest which the note, bill, or other evidence of debt, carries with it, or, which has been agreed to be paid thereon," Marshall had a right to a credit for a forfeiture of the entire interest reserved on the series of the seven discounts, or the interests reserved merely on the bill sued on, leaving the plaintiff to plead for the purpose of raising that question.

But another defense that Marshall made was that the bank, in the fifty-one transactions with Barnits & Whitesides, had received unlawful interest; that Barnits & Whitesides were entitled to recover under the act double the amount thereof, to wit, $12,648; and asked to be subrogated to their rights to an amount sufficient to discharge his liability on the bill. To this defense also interposed a demurrer by the plaintiff, which was sustained, on the ground that the law conferred only on the person or his legal representatives, who had the transactions with the bank, the right to avail himself of the provisions of the act.

[NOTE. This case was taken to the supreme court by the assignees, where this judgment was affirmed, but upon entirely different grounds. Mr. Justice Swayne, in delivering the opinion of the court, did not touch upon the questions decided by the circuit court, but said that "the remedy given by the statute for the wrong is a penal suit. To that the party aggrieved or his legal representative must resort. He can have redress in no other mode or form of procedure. The statute which gives the right prescribes the redress, and both provisions are alike obligatory upon the parties. While the plaintiff, in such cases, upon making out the facts, has a clear right to recover, the defendant has a right to insist that the prosecution shall be by a suit brought specially and exclusively for that purpose, where the sole issue is the guilt or innocence of the accused, without the presence of any extraneous facts which might confuse the case, and mislead the jury to the prejudice of either party." Barnet v. Muncie Nat. Bank, 98 U. S. 555.]